Rosen, J.,
concurring in part and dissenting in part: I agree with the majority’s well-reasoned opinion up to the point where it finds that remand is necessary for a determination of whether the Tras-ters’ agreement was just and equitable. I would find, as did the Court of Appeals, that the agreement is valid and enforceable. Specifically, the Court of Appeals found:
“[T]he parties had been married approximately 28 years. Although property division under the agreement was not an even split, the agreement explained that Debra would receive a substantial portion of the parties’ assets in the event of a *113 voluntary dissolution of the marriage because nearly all of the parties’ assets had been contributed by Debra’s parents and because Debra would have a limited ability to obtain gainful employment and no social security benefits. Conversely, David practiced law in association with one of the largest and most prestigious law firms in Kansas and had a steady stream of income for the foreseeable future. Despite the disparity in property division between the parties, the agreement specifically acknowledged that its terms were fair and reasonable, that David voluntarily entered into the agreement, and that he had received full disclosure of Debra’s property and assets. Under these circumstances, we find David and Debra’s agreement was fair and reasonable at the time it was executed.” In re Marriage of Traster, 48 Kan. App. 2d 356, 378, 291 P.3d 494 (2012).
Further, in analyzing the Trasters’ agreement, the rule that the terms of written instruments generally are construed against the scrivener cannot be ignored. See T.R., Inc. of Ashland v. Brandon, 32 Kan. App. 2d 649, 654, 87 P.3d 331 (2004). Again, as the Court of Appeals astutely points out:
“The terms of the agreement in this case readily establish that David knew he was entitled to have the court divide the marital assets in the event of divorce but—for a myriad of reasons expressly stated in the agreement itself—he wanted to relinquish that right. Again, David drafted the agreement himself, which necessarily precludes any argument that David lacked adequate time to review the agreement or that he did not understand its terms. The terms of the agreement itself state that David understood the rights, obligations, and legal consequences arising out of it. Finally, the fact that David was a practicing attorney is strong evidence that David knew he was entitled to have the court divide the marital assets in the event of divorce.” 48 Kan. App. 2d at 377.
Here, since David was the scrivener and legal expert in the formation of the agreement which undoubtedly enticed Debra’s execution, he should not be able to repudiate his own contract when it suits him. For these reasons, I would find the agreement to be just and equitable and reverse the district court. Also, in light of finding that the postmarital agreement is enforceable, I would also find the indemnity provision contemplating attorney fees must also be enforced against David.
Johnson, J., joins in the foregoing concurring and dissenting opinion.